IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| SYNGENTA SEEDS, INC. and<br>SYNGENTA PARTICIPATIONS AG, | * * * | |
| Plaintiffs, | * * * | |
| vs. | * * * * * | 3:02cv00309 SWW |
| DELTA COTTON CO-OPERATIVE, INC., | * * | |
| Defendant. | * | |

## ORDER

On April 27, 2005, a jury returned a verdict in favor of plaintiffs Syngenta Seeds, Inc. and Syngenta Participations AG (collectively, "Syngenta") and against defendant, Delta Cotton Co-operative, Inc. ("Delta Cotton"), for infringement of the Plant Variety Protection Act ("PVPA"), 7 U.S.C. §§ 2321 *et seq.*, and for infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* The jury awarded Syngenta damages in the amount of $67,500.00 on the PVPA claim and $67,500.00 on the Lanham Act claim.

The following motions are now before the Court: (1) motion of Syngenta for permanent injunction to prohibit Delta Cotton from conduct that was determined by a jury to be an infringement of Syngenta's federally protected intellectual property rights [doc.#79]; (2) motion of Syngenta for costs [doc.#81]; (3) motion of Delta Cotton for a new trial [doc.#83]; and (4) motion of Delta Cotton for judgment notwithstanding the verdict and Order for remittitur [doc.#84]. Responses and replies to responses to each of these motions have been filed and all

are ripe for decision. The Court will address these motions in turn, beginning first with Delta Cotton's motion for judgment notwithstanding the verdict and its motion for a new trial.[1]

1.

A motion for judgment notwithstanding the verdict and a motion for directed verdict are in essence motions for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 and are considered under standards applicable to such motions. *Larson v. Miller*, 76 F.3d 1446, 1452 n.3 (8th Cir. 1996). In this respect, a motion for judgment as a matter of law is considered in the light most favorable to the party who prevailed before the jury. *Id.* at 1452 (citation omitted). This standard requires this Court to (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Id.* Judgment as a matter of law is appropriate only when the record contains no proof beyond speculation to support the verdict. *Wilson v. Brinker International, Inc.*, 382 F.3d 765, 770 (8th Cir. 2004) (citation omitted). A new trial, in turn, is appropriate where the verdict is against the clear weight of the evidence, clearly excessive, or the result of passion or prejudice. *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 930 (8th Cir. 2004) (citation omitted).

For the reasons that follow, the Court determines that Delta Cotton has not met the high standard necessary to warrant overturning the jury's verdict, either as to the PVPA

---

[1] This Order has been prepared without benefit of a transcript.

or the Lanham Act.[2]

### A.

Concerning the PVPA, the jury found that Delta Cotton sold Syngenta's protected wheat – Coker 9663 – to another, in a form which could be propogated, without notice as to it being a protected variety, in violation of 7 U.S.C. § 2541(A)(6). In this respect, as noted by Syngenta, Delta Cotton had the opportunity to question Syngenta's ownership of the variety of wheat in question, whether the brown bag containing the protected wheat and purchased by Syngenta's investigator, Gary Robnett, came from Delta Cotton, and whether the wheat in the brown bag that was labeled by Delta Cotton as "Feed Wheat" but contained Coker 9663 was in a form that could be propogated. Delta Cotton's corporate representative, Wade Castleberry, did not dispute that Syngenta owned Coker 9663 but did question whether the brown bag came from Delta Cotton. This, however, was a credibility issue between Robnett and Castleberry that the jury obviously resolved in favor of Syngenta. Moreover, the jury was entitled to believe the testimony of Syngenta's expert, Dr. Brent Turnipseed, that, based on his scientific testing, the brown bag contained Coker 9663 and that the wheat was in a form that could be propogated.

The $67,500.00 awarded by the jury for Delta' Cotton's unrestricted use of the Coker 9663 wheat likewise is supported by the record. Syngenta's witness, Phil Farmer, testified that Syngenta received approximately $35.00 for releasing one 50-lb. bag of the Coker 9663 variety

---

[2] At the close of Syngenta's case, Delta Cotton moved for a directed verdict on the ground that Syngenta had not satisfied its burden of proof as to the PVPA and the Lanham Act claims. Consequently, these pre-verdict issues are the only issues that may be addressed in Delta Cotton's post-verdict motion for judgment as a matter of law. *See Walsh v. Nat'l Comp. Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir. 2003) (Post-trial motion for judgment as matter of law may not advance additional grounds that were not raised in pre-verdict motion).

and there was evidence presented that Delta Cotton sold some 2,642 50-lb. bags. Syngenta thus alleged that it incurred approximately $90,000.00 in damages. Farmer also testified that Coker 9663 wheat occupied approximately 75% of the Arkansas Market. The jury thus was entitled to conclude that 75% of the bags sold by Delta Cotton as Feed Wheat contained Coker 9663, thus justifying the award of $67,500.00 – approximately 75% of the $90,000 in damages alleged by Syngenta.

There was, then, ample basis in the record for the jury's verdict on Syngenta's PVPA claim. Although Delta Cotton argues that it was prejudiced by this Court's pretrial ruling that it could not put on proof concerning intent or the "crop exemption" contained in 7 U.S.C. § 2543, the provision of the PVPA under which Syngenta is proceeding is in essence a strict liability offense that does not allow for a defense based on intent, notice, knowledge or good faith, and the "crop exemption" is not applicable in this case.

B.

Concerning the Lanham Act, the jury found that Delta Cotton committed unfair competition in violation of the Lanham Act based upon a "reverse palming off." In this respect, there was ample evidence presented that Coker 9663 wheat and the Coker trademark originated with Syngenta, that the origin of the Coker 9663 was falsely designated by Delta Cotton, that the false designation was likely to cause consumer confusion, and that Syngenta was harmed by Delta Cotton's false designation of origin. Among other things, the evidence established that Syngenta owned Coker 9663 and the Coker trademark and that such mark was well known in the farming industry, and Farmer testified that Syngenta requires that every bag authorized for

4

distribution must be marked with the Coker trademark in order to identify source. There additionally was evidence that Delta Cotton, without authority, brown-bagged Coker 9663 and stamped the bags as "DELTA CO-OP" without giving attribution to Syngenta,[3] and that this fasle designation of origin caused consumer confusion in that Robnett, as a member of the public, asked for wheat for planting and was sold Delta Cotton's Feed Wheat, which was actually Coker 9663. The jury, then, could have concluded that the bag stamped as "DELTA CO-OP" but containing Coker 9663 was likely to and did cause consumer confusion and that Syngenta was harmed by the false designation of origin by being deprived of the advertising value of its name and the benefits that are associated with public knowledge of the true source of the product.

The $67,500.00 awarded by the jury as damages for the Lanham Act claim likewise is supported by the record. One possible measure of the trademark owner's lost profits is to multiply the trademark owner's profit margin times the number of infringing items sold, *see* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 30:79 (4th Ed. 2002), and, as was the case with the PVPA damages award, evidence was put forth from which the jury could reasonably determine that Syngenta received approximately $35.00 for releasing one 50-lb. bag of the Coker 9663 variety, that Delta Cotton sold some 2,642 50-lb. bags, and that Coker 9663 wheat occupied approximately 75% of the Arkansas Market. The jury thus was entitled to conclude that 75% of the bags sold by Delta Cotton as Feed Wheat contained Coker 9663, thus justifying the award of $67,500.00 – approximately 75% of the $90,000 in lost profits alleged by Syngenta.

---

[3] Castleberry testified that there was at least one other "Delta Co-op" in another state and that the bags could have come from that co-op, but the jury obviously rejected this testimony.

2.

As the award of damages on the PVPA and the Lanham Act claims were supported by the evidence for the reasons stated and not so grossly excessive as to shock the conscience, *see Rowe v. Hussmann Corp.*, 381 F.3d 775, 783 (8th Cir. 2004) (noting that remittitur is ordered only if the verdict is so grossly excessive as to shock the conscience), the Court denies Delta Cotton's motion for Order for remittitur [doc.#84]. In so ruling, the Court rejects Delta Cotton's suggestion that the jury's verdict represents a double recovery as the PVPA and the Lanham Act involve two separate and distinct violations of two separate federal laws.

3.

The Court now turns to the motion of Syngenta for permanent injunction to prohibit Delta Cotton from conduct that was determined by a jury to be an infringement of Syngenta's federally protected intellectual property rights [doc.#79]. A court must consider the following factors in determining whether to issue a permanent injunction: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) whether the movant proves actual success on the merits; and (4) the public interest. *See Forest Park II v. Hadley*, 336 F.3d 724, 731 (8th Cir. 2003). The Court has carefully considered the matter and grants Syngenta's motion as Delta Cotton continues to maintain and contend that its actions and operations do not infringe Syngenta's rights under the PVPA or the Lanham Act, the harm to Syngenta is apparent and there is no demonstrable harm to other parties in requiring that Delta Cotton comply with the provisions of the PVPA and the Lanham Act, Syngenta has proven actual success on the merits, and the public is served by

respecting and upholding the intellectual property rights of others. Accordingly, the Court hereby enters the following injunction:

> Delta Cotton Co-operative, Inc., its directors, officers, employees, agents, and assigns are hereby permanently enjoined from selling, marketing, delivering, shipping, consigning, exchanging, dispensing, stocking, or transferring title or possession of the soft red winter wheat variety known as Coker 9663, or any other wheat variety owned by Syngenta, except as a class of registered or certified seed contained in a Syngenta-approved designer bag or in a bulk sale accompanied by appropriate documentation notifying the purchaser of the variety being purchased and plaintiffs' rights under the Plant Variety Protection Act and the Lanham Act. Delta Co-operative, Inc., its directors, officers, employees, agents, and assigns are further enjoined from using Coker 9663, or any other wheat variety owned by Syngenta, as a component of noncertified wheat referred to as pasture wheat, mixed wheat, variety not stated wheat, or feed wheat.

Delta Cotton argues, among other things, that should an injunction be issued, this Court should require as a precondition the provision of a bond in the amount of $250,000. The Court declines to require such a bond as Fed.R.Civ.P. 65(a), which relates to the giving of security prior to the issuance of a preliminary injunction, does not apply to the entry of a permanent injunction, and an injunction bond is not required for a permanent injunction. *See Hadley*, 336 F.3d at 734.

4.

Finally, the Court addresses the motion of Syngenta for costs [doc.#81]. Syngenta seeks reimbursement in the total amount of $12,286.78 for costs it states were necessarily incurred in the prosecution of this action.[4] Those costs are itemized and documented in Syngenta's motion and reply and are hereby incorporated in this Order as if set out word for word. Delta Cotton has

---

[4] In its reply, Syngenta requests $13,316.11 in costs. However, the Court will use the amount stated in Syngenta's motion and not the amount that was only raised for the first time in its reply. The Court notes that the reply includes additional costs for such matters as copying and also includes matters, such as telephone calls, that are ordinarily not recoverable under § 1920. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996).

responded in opposition to Syngenta's motion for costs. For the reasons that follow, the Court finds that Syngenta's motion for costs should be and hereby is approved.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

Delta Cotton essentially argues that costs should not be awarded as Syngenta failed to prove its claims, that any violation of the PVPA and/or the Lanham Act was in any case *de minimis*, and the costs incurred were not necessary. The Court disagrees and finds that all of the matters for which reimbursement is being sought were necessary to the prosecution of this action. Additionally, when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494 (8th Cir. 2002) (citations omitted). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Id.* Delta Cotton has not met its burden of showing that the award is inequitable under the circumstances.

IT IS THEREFORE ORDERED that Delta Cotton's motion for a new trial [doc.#83] be and it hereby is denied.

IT IS FURTHER ORDERED that Delta Cotton's motion for judgment notwithstanding the verdict and Order of remittitur [doc.#84] be and it hereby is denied.

IT IS FURTHER ORDERED that the motion of Syngenta for permanent injunction to

prohibit Delta Cotton from conduct that was determined by a jury to be an infringement of Syngenta's federally protected intellectual property rights [doc.#79] be and it hereby is granted, and that

> Delta Cotton Co-operative, Inc., its directors, officers, employees, agents, and assigns are hereby permanently enjoined from selling, marketing, delivering, shipping, consigning, exchanging, dispensing, stocking, or transferring title or possession of the soft red winter wheat variety known as Coker 9663, or any other wheat variety owned by Syngenta, except as a class of registered or certified seed contained in a Syngenta-approved designer bag or in a bulk sale accompanied by appropriate documentation notifying the purchaser of the variety being purchased and plaintiffs' rights under the Plant Variety Protection Act and the Lanham Act. Delta Co-operative, Inc., its directors, officers, employees, agents, and assigns are further enjoined from using Coker 9663, or any other wheat variety owned by Syngenta, as a component of noncertified wheat referred to as pasture wheat, mixed wheat, variety not stated wheat, or feed wheat.

IT IS FURTHER ORDERED that the motion of Syngenta for costs [doc.#81] be and it hereby is granted and that Syngenta be awarded costs in the amount of $12,286.78.

Dated this 5th day of July, 2005.

/s/Susan Webber Wright
CHIEF JUDGE
UNITED STATES DISTRICT COURT