IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| SYNGENTA SEEDS, INC. and | * | |
| SYNGENTA PARTICIPATIONS AG, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No.3:02cv00309 SWW |
| | * | |
| | * | |
| | * | |
| DELTA COTTON CO-OPERATIVE, INC., | * | |
| | * | |
| Defendant. | * | |

## ORDER

By Order dated February 5, 2007 [doc.#123], this Court denied the motion of defendant Delta Cotton Co-operative, Inc. ("Delta Cotton") for attorney's fees, denied its motion for appellate costs, and denied without prejudice its motion for trial costs.[1] Concerning trial costs, the Court determined that Delta Cotton's bills of costs were too general with respect to the listed items and stated that Delta Cotton may, within thirty (30) days of the date of entry of the Order, submit an amended bill of trial costs.

The matter is now before the Court on Delta Cotton's renewed motion for costs [doc.#125]. Plaintiff Syngenta Seeds, Inc. and Syngenta Participations AG (collectively, "Syngenta") has filed a response in opposition to Delta' Cotton's motion, and Delta Cotton has filed a reply to Syngenta's response. Having considered the matter, the Court determines that Delta Cotton is entitled to an award of trial costs.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and

---

[1] The procedural history of this action and a discussion of the basis for this Court's denial of Delta Cotton's motion for attorney's fees and appellate costs is set forth in the February 5th Order.

marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002). *See also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (noting that when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure'") (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3rd Cir. 2000)). "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id.*

First, the Court awards copying costs in the amount of $165.00 and printing costs of $650.00.[2] The Court also awards postage costs in the amount of $44.46, which are related to these amounts.

The Court additionally awards $250.00 for film processing. Although certain photographs were excluded, others were used at trial and this Court, given these circumstances, does not find this amount to be unreasonable.[3]

The Court additionally awards costs of $100.00 for trial exhibit preparation. Delta Cotton seeks $500.00 for such preparation, stating without citation of authority that these exhibits were erroneously excluded from opening statements. This was not the basis for appeal,

---

[2] Delta Cotton originally sought $822.79 in copying costs and $1,500.00 for printing costs but, in its reply to Syngenta's objection to these requests, stated that it will revise its earlier request and only request copying costs of $165.00 and printing costs of $650.00. Syngenta has not indicated opposition to these revised amounts.

[3] Delta Cotton originally sought film processing costs of $802.48.

2

however. In any case, certain exhibits, as acknowledged by Syngenta, were used by Delta Cotton and this Court finds that $100.00 is reasonable.

The Court additionally awards $187.50 for costs incurred in obtaining the services of a Certified Public Accountant to review Syngenta's expert reports. The Court does not find this amount to be unreasonable.

The Court additionally awards $1,093.70 in deposition costs, including that of Rocky Sutton, agreeing that his deposition seemed at the time reasonably necessary. *See McGuire v. Davidson Mfg. Corp.*, 258 F.Supp.2d 945, 948 (N.D.Iowa 2003) ("the 'underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken'") (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 Fed.Cir. 1996)).

The Court is unable to award costs for the trial transcript in the amount of $1,906.76, as the transcript was not obtained for use in the case, but was ordered for purposes of appeal following trial and after this Court ruled on post-trial motions. Likewise, the Court is unable to award $255.00 for Clerk fees or $1,350.00 for a Letter of Credit to stay enforcement of the trial judgment as these, too, were for purposes of appeal. Although such costs may be taxable in the district court under Fed.R.App.P. 39(e), the Federal Circuit, as noted in the previous order, specifically ordered "No Costs" and this Court may not contravene that decision.

The Court declines to award $2,875.00 for "executive time" that Delta Cotton's manager, Wade Castleberry, incurred in having to attend trial as such costs are not found in § 1920.

The Court awards travel and witness fees for Castleberry in the amount of $361.34,[4] but

---

[4] The Court bases this computation on Delta Cotton's representation of the distance to and from Castleberry's residence to Jonesboro for three days plus his representation of the distance to and from his residence to Stuttgart on two occasions, times the mileage fee as stated by Syngenta, which Delta Cotton does not dispute.

declines to award travel and mileage costs for his attorney as such costs are not found in § 1920.

Finally, the Court declines to award $127.82 for telephone charges as such costs are ordinarily not recoverable.[5]

IT IS THEREFORE ORDERED that Delta Cotton be awarded total trial costs in the amount of $2,852.00.

Dated this 12th day of April 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[5] Delta Cotton states "this Court has already determined in a previous order [that] telephone costs are indeed recoverable." To the contrary, this Court, citing *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996), stated that "telephone calls ... are ordinarily not recoverable under § 1920." Order dated July 5, 2005.